IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00265-MR

| | |
|---|---|
| NGOMANI DEKATTU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RODERICK BURNETTE, et al., ) | ORDER |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action against three federal probation officers and a probation lab supervisor for allegedly falsifying probation violations against him. [Doc. 1]. Although the Plaintiff has used a non-prisoner Complaint form, and indicates that his address is at a Charlotte apartment, he is presently incarcerated at the Mecklenburg County Jail (MCJ).[1] [See Doc. 1-1 (envelope from MCJ)]. The Plaintiff seeks $2,000,000 in damages, his immediate release, and the termination of his probation. [Id.

---

[1] The MCJ's website indicates that the Plaintiff is a "federal inmate" who was committed on April 7, 2022. https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000498170&jid=22007672&activeOnly=False&lastName=dekattu&prisType=ALL&maxrows=48&page=1; (last accessed on June 28, 2022); see Fed. R. Evid. 201.

at 10]. The signatures on the Complaint [Doc. 1 at 5] and on the attached "Affidavit of Truth" [id. at 10] do not match.

The Plaintiff did not pay the filing fee or move to proceed in forma pauperis. On June 15, 2022, the Court issued a Notice of Deficiency ordering the Plaintiff to pay the filing fee or file an Application to proceed in forma pauperis within 21 days. [Doc. 2].

On June 28, 2022, an individual who did not identify herself obtained blank Application to proceed in forma pauperis and summons forms at the Charlotte Clerks' Office, filled out and signed the Application under penalty of perjury in the Plaintiff's name [Doc. 3], and filled out proposed summonses [Doc. 1-2]. These documents include the Charlotte apartment's address rather than the Plaintiff's true address at MCJ. No attorney has appeared in this case.

Perjury, which is a crime, includes willfully signing a document under penalty of perjury that the person does not believe to be true. 18 U.S.C. § 1621(2). It is also a crime for a non-lawyer to attempt to engage in the unauthorized practice of law. N.C. Gen. Stat. § 84-4, 84-8; see 28 U.S.C. § 1654 (governing appearances in federal court); see, e.g., Houey v. Carolina First Bank, No. 1:11-cv-225, 2011 WL 5402465, at *1 (W.D.N.C. Nov. 8, 2011) (noting that even if family member holds power of attorney for party,

2

Case 3:22-cv-00265-MR-DCK    Document 4    Filed 07/05/22    Page 2 of 5

non-lawyer cannot represent pro se party without violating law regarding unauthorized practice of law).

The Application to proceed in forma pauperis that purports to be signed under penalty of perjury by the Plaintiff was instead signed by a third party. Accordingly, the Application is stricken. Likewise, the Complaint appears to have been endorsed, at least in part, by a third party who is not an attorney. Accordingly, the Complaint is also stricken. The Plaintiff shall have 14 days from the date of this Order to pay the filing fee or to complete, personally sign, and to file an Application to proceed in forma pauperis. The Plaintiff shall have 30 days from the date of this Order to file a superseding Amended Complaint on a prisoner civil rights complaint form. Should the Plaintiff fail to timely comply with any of the directives of this Order, this case will be dismissed and closed without further notice to the Plaintiff.

The Plaintiff is cautioned that his request for immediate release and his attempt to challenge his probation are not cognizable in this civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. § 2241.

"[C]hallenges to probation revocation proceedings and sentences imposed subsequent to such proceedings lies in the 'court whose proceedings are being attacked.'" Milnes v. Samples, 861 F.2d 265 (4th Cir. 1988) (quoting Napoles v. United States, 536 F.2d 722, 726 (7th Cir. 1976)); see generally 28 U.S.C. § 2255. Thus, to the extent that the Plaintiff is seeking to challenge his probation or is seeking the immediate release from custody, he must do so, if at all, in a separate civil action.[2]

**IT IS, THEREFORE, ORDERED that**:

1. The Complaint [Doc. 1] and Application to Proceed In Forma Pauperis [Doc. 3] are **STRICKEN**. **The Plaintiff is cautioned that making a false statement under penalty of perjury, and the unauthorized practice of law by a non-lawyer are criminal offenses.**

2. The Plaintiff shall have **fourteen (14) days** from the date of this Order in which to pay the filing fee or file an Application to proceed in forma pauperis.

3. The Plaintiff shall have **thirty (30) days** from the date of this Order to file a superseding Amended Complaint.

---

[2] The Court expresses no opinion about the potential merit or procedural viability of such an action.

4. If the Plaintiff fails to comply with this Order, this action will be dismissed and closed without further notice.

The Clerk is respectfully instructed to enter an Order of Instructions in this case; mail to the Plaintiff at the Mecklenburg County Jail a blank IFP Application, a blank § 1983 prisoner complaint form, blank § 2241, and § 2255 forms, a copy of the docket sheet, the Order of Instructions, and a copy of this Order; and mail a copy of this Order to 5010 Gold Finch Rd., Apt 4104, Charlotte, NC 28262.

**IT IS SO ORDERED.**

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge